IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL P. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 11-00582-N |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER

This action is before the Court on an unopposed motion (doc. 18) filed by the defendant, the Commissioner of Social Security ("Commissioner"), under sentence four of 42 U.S.C. § 405(g), to enter a judgment of remand to the Commissioner for further administrative proceedings. It is the Commissioner's professed intent that, on remand, the Appeals Council will refer the case to an Administrative Law Judge with directions to obtain vocational expert evidence to clarify the effect of all assessed limitations on the claimant's occupational base and resolve any conflicts between the vocational expert's testimony and information contained in the U.S. Dep't of Labor, Dictionary of Occupational Titles (4th ed. 1991). *See* Doc. 18 at 1. The Court is advised that the plaintiff has no objection to this requested relief. This action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R.Civ.Pro.73 (doc. 20) and pursuant to the consent of the parties (doc. 19).

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,] it is **ORDERED** that the Commissioner's unopposed motion is hereby **GRANTED** and that the Commissioner's decision in this case is hereby **REVERSED** and the case **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings.  *See* Melkonyan v. Sullivan, 501 U.S. 89, 90 (1991).  The remand pursuant to sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412 and terminates this Court's jurisdiction over this matter.  *See* Shalala v. Schaefer, 509 U.S. 292, 298 (1993).

**DONE** this 13th day of July, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**