IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL PATRICK ANDERSON,  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CAROLYN W. COLVIN,  )<br>Acting Commissioner of Social Security,[1]  )<br>    Defendant.  ) | Civil Action No. 11-00582-N |

## **ORDER**

This action is before the Court on the petition for attorney's fees under 42 U.S.C. § 406(b) (Doc. 28) filed by Quinn E. Brock, Esq. ("Brock"), counsel for the Plaintiff claimant, in which Brock requests "an award of $9,419.75…"[2] The Defendant Commissioner of Social Security ("the Commissioner") has timely responded, stating no opposition. (*See* Doc. 30). Upon consideration, the Court finds that the petition is due to be **GRANTED** as set forth herein.

### *I.   Background*

On October 11, 2011, the Plaintiff, represented by Brock, instituted this action by filing a complaint seeking judicial review of an unfavorable decision of the

---

[1] Carolyn W. Colvin, who became Acting Commissioner of Social Security on February 14, 2013, is automatically substituted for the previous Commissioner, Michael J. Astrue, as the Defendant in this action.  *See* Fed. R. Civ. P. 25(d); 45 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); *Rivers v. Colvin*, No. 2:12-CV-00792-VEH, 2013 WL 3992507, at n.1 (N.D. Ala. Aug. 2, 2013).

[2] By consent of the parties (*see* Doc. 19), the Court has designated the undersigned United States Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  (*See* Doc. 20).

Commissioner under 42 U.S.C. § 405(g).  (Doc. 1).  After the Commissioner filed her answer (Doc. 11) to the complaint and the Plaintiff filed his brief identifying errors in the Commissioner's decision (Doc. 13), on July 5, 2012, the Commissioner filed an unopposed motion to remand under sentence four of § 405(g) (Doc. 18).  The Court granted the motion to remand and entered judgment accordingly on July 13, 2012.  (Docs. 21, 22).  The Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)[3] (Doc. 25) on October 5, 2012, which the Court granted on October 23, 2012, awarding the Plaintiff $2,062.50 in attorney's fees under EAJA (*see* Doc. 27).

Following remand to the Social Security Administration (SSA), the Commissioner ultimately issued a favorable decision for the Plaintiff on February 25, 2013 (*see* Doc. 28-5 at 2), awarding him various past-due benefits.  Notices of the various award amounts were issued April 2 (Doc. 28-5), August 5 (Doc. 28-6), and September 30 (Docs. 28-7, 28-8) of 2013.  On February 3, 2014, based on an approved fee petition, the SSA awarded Brock $6,000.00, who ultimately received $5,911.00 after an $89 administrative fee was deducted.  (Doc. 28 at 3; Doc. 28-10).

---

[3]

> [S]uccessful Social Security benefits claimants may request a fee award under the EAJA. Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are awarded to the prevailing party in addition to and separate from any fees awarded under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 796, 122 S. Ct. at 1822; *Reeves v. Astrue*, 526 F.3d 732, 736 (11th Cir. 2008). Unlike § 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds.

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

In a status letter dated October 28, 2014, the SSA informed Brock that it was "withholding the amount of $9419.75, which represents the balance of 25 percent of the past-due benefits for [the Plaintiff], in anticipation of direct payment of an authorized attorney's fee. We previously paid you $6000.00 under section 206(A) of the Social Security Act, as amended, for your services before the administration. We are writing at this time to determine whether you have petitioned the United States District Court for the Southern District of Alabama for a fee for your services before the court." (Doc. 28-11 at 2). The status letter appears to have been stamped and initialed by Brock as having been received October 31, 2014. (*Id.* (lower-right corner)).

Brock filed the present petition on November 20, 2014. (*See* Doc. 28). Per Brock's representations in his petition, "[t]wenty-five percent of the Plaintiff-Claimant's past due primary benefits was $15,419.75 ($10,285.25 for claimant's case, $ 2,567.25 for dependant C.A., and $2,567.25 for dependant M.A) and a balance of $9,419.75 remains available in anticipation of direct payment of an authorized attorney's fee according to the Commissioner's status letter dated October 28, 2014." (Doc. 28 at 4). Brock now requests that the Court issue an order awarding him the $9,419.75 under § 406(b).[4]

---

[4] *Cf. Thomas v. Astrue*, 359 F. App'x 968, 971 (11th Cir. 2010) (per curiam) (unpublished) ("The Commissioner ultimately awarded Thomas $63,703.36 in total past-due social security benefits and set aside 25 percent of that award ($15,925.84) for attorney's fees. The attorney who represented Thomas during the administrative proceedings was awarded $5,300 in fees under § 406(a), leaving a balance of $10,625.84 for attorney's fees available under § 406(b).").

## II.   Analysis

> [U]nder 42 U.S.C. § 406(b), a court entering judgment in favor of a Social Security benefits claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Assuming that the requested fee is within the 25 percent limit, the court must then determine whether "the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). For example, courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case. *Id.* at 808, 122 S. Ct. at 1828. A § 406(b) fee is paid by the claimant out of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A).

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).[5] "42 U.S.C. § 406(b) authorizes an award of attorney's fees where[, as here,] the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).

### a.   Timeliness

The Eleventh Circuit has held that "Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."  *Id.*   Rule 54(d)(2)(B)(i) provides that, "[u]nless a statute or a court order provides otherwise, [a] motion[ for attorney's fees] must be filed no later than 14 days after the entry of judgment."  Here, in ordering remand,

---

[5] "Under 42 U.S.C. § 406(b)(2), it is a criminal offense for an attorney to collect fees in excess of those allowed by the court." *Jackson*, 601 F.3d at 1271. *See also Gisbrecht,* 535 U.S. at 795-96 ("The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense. §§ 406(a)(5), (b)(2) (1994 ed.); 20 CFR §§ 404.1740–1799 (2001).").

the Court did not specify a deadline within which the Plaintiff's counsel could seek attorney fees following an award of past due benefits by the Commissioner. The Court is also unaware of any statute, standing order, or local rule that would provide for a different time to file. Thus, Brock's § 406(b) petition is subject to Rule 54(d)(2)'s 14-day deadline. The Eleventh Circuit, however, has not yet decided when this 14-day period begins to run for § 406(b) petitions. *See id.* at 1277-78 ("To determine whether the petitions were timely requires deciding when the 14 day period for filing the petitions provided in the rules begins to run for a § 406(b) petition. Because the Commissioner has not objected to the timeliness of the attorney's fee petitions, we do not address this issue in this case and merely hold that the petitions were timely.").

On remand, the Commissioner issued a favorable decision for the Plaintiff on February 13, 2013, and notices of various awards of past-due benefits were sent in April, August, and September of 2013.[6] The SSA's status letter to Brock that it was withholding a portion past-due benefits in anticipation of a court-authorized attorney's fee (the notice that apparently prompted the present petition) was dated October 28, 2014, and was stamped as received by Brock on October 31, 2014. (*See* Doc. 28-11 at 2). Nevertheless, Brock did not file the present fee petition until November 20, 2014 – over a year after the various past-due benefit award notices were issued, and twenty days after receiving the status letter. If it were to consider

---

[6] The August 2013 notice expressly advises: "Section 206(B) of the Social Security Act [42 U.S.C. § 406(b)], as amended, governs fees for services before the court. If your lawyer wishes to receive a fee for those services, he must send the petition for those fees to [this Court]." (Doc. 28-6 at 5).

5

only these circumstances, the Court doubts that the petition would be considered timely under Rule 54(d)(2). *See Wilson v. Comm'r of Soc. Sec.*, No. 5:05-CV-434-OC-PRL, 2012 WL 4760913, at *1 (M.D. Fla. Oct. 5, 2012) ("Courts have construed th[e *Bergen*] rule liberally, holding that the fourteen day period begins to run after the plaintiff is served with the SSA's notice of awarding benefits." (citing cases)); *id.* at *1-2 ("On July 2, 2012, the Social Security Administration ('SSA') issued a letter notifying Plaintiff's counsel, that it withheld $74,459.75 of the award for attorney's fees, which represents twenty-five percent of Plaintiff's award.  Plaintiff asserts, however, that this letter was not received until July 23, 2012.  Subsequently, on July 31, 2012, Plaintiff filed the instant Motion seeking $50,000, in attorneys' fees, pursuant to the 'Fee Agreement—SSI and Social Security' dated May 7, 2003… Here, although the notice from the SSA is dated July 2, 2012, the Court accepts Plaintiff's attorneys' representations that (i) the letter was not received until July 23, 2012, and (ii) that this is the first notice Plaintiff received from the SSA indicating the amount of fees withheld. Thus, since Plaintiff filed this Motion on July 31, 2012, eight days after counsel was notified of the amount of money withheld for fees, the Court finds Plaintiff's Motion timely." (docket citations omitted)).

Though the Commissioner has stated she "has no objection to the petition" (Doc. 30 at 1), that in itself does not waive the issue of timeliness.  As the Commissioner herself acknowledges (*see* Doc. 30), "[t]he Supreme Court has noted that the Commissioner 'has no direct financial stake' in § 406(b) fee awards to a

claimant's attorney; instead, the Commissioner 'plays a part in the fee determination resembling that of a trustee for the claimants.' " *Thomas v. Astrue*, 359 F. App'x 968, 972 n.4 (11th Cir. 2010) (per curiam) (unpublished).

The Eleventh Circuit has shown sympathy to an attorney who found himself in a situation similar to Brock's. In vacating the district court's dismissal of that attorney's § 406(b) fee petition as untimely under Rule 54(d)(2) and remanding with instructions that the district court determine the fees owed, the Eleventh Circuit stated:

> We are very sympathetic with the attorney's plight under the unique circumstances created by a remand judgment under sentence four of 42 U.S.C. § 405(g). Our understanding is the amount of fees owed under a contingency arrangement is not established for months after remand, until the Social Security Administration determines the amount of the client's award. In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2. As we understand it, however, the best practice has not been a universally-workable solution. Perhaps another vehicle for creating some much needed certainty in this area of the law is for the district courts to fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstance. It is our hope the district courts, in doing so, will keep in mind Congress's intent behind § 406(b), to encourage attorneys to represent Social Security claimants. *See Bergen,* 454 F.3d at 1276.

*Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished).

Given that 1) the question of when Rule 54(d)(2)'s 14-day period begins to run for § 406(b) petitions remains unsettled in this Circuit, (2) the Court did not specify

a deadline for such a petition in remanding the case, (3) this district does not have a general order, local rule, or other set procedure regarding such petitions, (4) the fact that the Plaintiff's past-due benefits awards were not determined until months after remand, (5) the Commissioner has voiced no opposition, and (6) the Plaintiff was clearly put on notice by his retainer agreement with Brock that he would have to pay Brock 25% of any awarded past-due benefits, *see infra.*, the Court will deem Brock's present § 406(b) petition timely.

### b.     *Reasonableness*

> In *Gisbrecht v. Barnhart,* the Supreme Court considered 42 U.S.C. § 406(b) and clarified its impact on the district court's role in awarding a reasonable fee following a favorable claim for Social Security benefits. *See* 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). Although § 406(b)(1)(A) gives district courts the power to "determine and allow as part of its judgment a reasonable fee" following a favorable claim for Social Security benefits, 42 U.S.C. § 406(b)(1)(A), it does not empower them to ignore the fee agreements entered into by parties when determining what a reasonable fee would be, *see Gisbrecht*, 535 U.S. at 807, 122 S. Ct. at 1828 (concluding that " § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set"). Instead, courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances. *Id.* Accordingly, [a court] must look to the fee agreement made by [a claimant] and his attorney.

*Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014).

In retaining Brock to represent him, the Plaintiff entered into a Contract for Employment for Representation in Social Security Claim (Doc. 28-4) ("the Contract"). The contract provides, in relevant part, as follows:

> I agree that if the Social Security Administration favorably decides the claim(s) at the initial level, the reconsideration level, at the hearing level before the case has ever been to the Appeals Council, or the first time at the Appeals Council level, I will pay my Representative a fee equal to the

> lesser of a) 25% of the past-due benefits due to me and my family resulting from my claim(s) or b) $6000.00 (or that amount above $6000.00 that is authorized as the maximum fee pursuant to 42 U.S.C. § 406(a)(2)). If I win at any step after my case has been to the Appeals Council for the first time, (i.e. if I win in federal court, or I win at any time after a federal court or Appeals Council remand) then I agree to pay 25% with no cap. In no case will the fee charged be greater than the fee properly authorized by the Social Security Administration and/or by a court.
> …
> …If any fees are awarded in my case under [EAJA], I agree to assign any EAJA award to the Representative, subject to reimbursement of the lesser of any fee awarded under EAJA or 42 U.S.C. § 406(b).

(Doc. 28-4 at 2-3). Because the Plaintiff won "after a federal court or Appeals Council remand[,]" under the terms of the contract, Brock is due an attorney's fee of "25% with no cap." Read in context, the Court deems this provision to provide for an attorney's fee of "25%[ of the past-due benefits due to the Plaintiff and his family resulting from his claims] with no cap."

The Court notes that this fee agreement, in its use of "past-due benefits **due**," does not track the language of § 406(b)(1)(A), which "prohibits fee agreements from providing for a fee 'in excess of 25 percent of the total of the past-due benefits to which the claimant is **entitled**.' " *Keller*, 759 F.3d at 1285 (quoting 42 U.S.C. § 406(b)(1)(A)) (emphasis added). "[T]he agreement, not the statute, provides the 'primary means by which fees are set.' " *Id.* (quoting *Gisbrecht*, 535 U.S. at 807). Recently, the Eleventh Circuit interpreted an "agreement between [a Social Security claimant] and his attorney—which call[ed] for a fee in the amount of 25

9

percent of past-due benefits *owed*—as providing for a fee of 25 percent of past-due benefits that had not already been paid to [the claimant]."[7] *Id.* at 1284-85.

> In *Gisbrecht v. Barnhart,* the Supreme Court
>
>> explained that even when a contingency agreement complies with the statutory limit and caps the fee at 25 percent of the claimant's benefits award, "§ 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." [535 U.S.] at 807, 122 S. Ct. at 1828.
>>
>> Even when there is a valid contingency fee agreement, *Gisbrecht* sets forth certain principles that a district court should apply to determine if the attorney's fee to be awarded under § 406(b) is reasonable. *See id.* at 808, 122 S. Ct. at 1828. Under *Gisbrecht* the attorney for the successful social security benefits claimant must show that the fee sought is reasonable for the services rendered. *Id.*, 122 S. Ct. at 1828. The district court may reduce the fee based on the character of the representation and the results achieved; and if the recovered benefits are large in comparison to the time the claimant's attorney invested in the case, a downward adjustment may be in order. *Id.*, 122 S. Ct. at 1828. The *Gisbrecht* Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling [of 25 percent of the claimant's recovered benefits]; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09, 122 S. Ct. at 1829.

*Thomas*, 359 F. App'x at 974-75 (footnote omitted).

Evidenced by the various notices of benefit awards Brock has submitted with his petition, the Plaintiff and his family were awarded $61,679.00 in past-due benefits - $41,141.00 to the Plaintiff in Retirement, Survivors, and Disability Insurance benefits, from which the SSA withheld $10,285.25 "to pay the lawyer" (Doc, 28-6 at 2, 5), and $10,269.00 each in Retirement, Survivors, and Disability

---

[7] In so doing, the court determined "that the language found in the contingent-fee arrangement [wa]s ambiguous" and thus, as it regularly does in such circumstances, "construe[d the] contract[] against the drafting party." *Keller*, 759 F.3d at 1284.

10

Insurance benefits[8] to the Plaintiff's two minor children, from which the SSA withheld $2,567.25 each ($5,134.50 total) "to pay the representative." (Doc. 28-7 at 2-4; Doc. 28-8 at 2-4). Thus, Brock is correct that his total fees would be capped, both statutorily and under the terms of his contingency fee agreement with the Plaintiff, at $15,149.75 (i.e. 25% of $61,679.00), $6,000.00 of which has already been awarded him by the SSA for his services in representing the Plaintiff there. *See* 42 U.S.C. § 402(a)(1) ("Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim."). Thus, the Court's duty now is to determine whether it is reasonable for Brock to also receive the remaining $9,149.75 for his services to the Plaintiff under their contingency fee agreement.

---

[8]     Such benefits are provided for "under Title II of the Social Security Act, 42 U.S.C. § 423… The payment of attorney's fees for Title II claims is governed by 42 U.S.C. § 406…" *Jackson*, 601 F.3d at 1270 n.2.
   The Plaintiff appears to have also been awarded past-due Supplemental Security Income (SSI) benefits. (*See* Doc. 28-5). "SSI disability benefits[ are provided for] under Title XVI of the Social Security Act, 42 U.S.C. § 1381a…[T]he payment of attorney's fees for Title XVI claims is governed by 42 U.S.C. § 1383(d). However, Congress has extended the Title II attorney's fee payment system to claims brought under Title XVI. *See* Social Security Protection Act of 2004, Pub. L. No. 108–203, § 302, 118 Stat. 493, 519–21, *as amended by* Social Security Disability Applicants' Access to Professional Representation Act of 2010, Pub. L. No. 111–142, 124 Stat. 38." *Id.* However, Brock's petition does not appear to request an award of fees based on the past-due SSI benefits. (*See* Doc. 28-1 at 10 ("Here, by statute, the attorney fee comes solely from past-due Title II benefits. 42 U.S.C. § 406(b)(1).")).

Brock's sworn timesheet documenting the amount of time spent on representing the Plaintiff (Doc. 28-3 at 2-4; Doc. 28-2 at 2) indicates that he devoted 53.25 hours to the endeavor. The Court finds that the benefits awarded to the Plaintiff are not so "large in comparison to the amount of time counsel spent on the case" such that "a downward adjustment is…in order." *Gisbrecht*, 535 U.S. at 808. A full award of $15,149.75 would result in an hourly rate of approximately $285. Brock has cited numerous district court cases approving § 406(b) fees that represented substantially higher hourly rates (*see* Doc. 28-1 at 12-15), and the undersigned has allowed a § 406(b) award that "render[ed] an hourly rate of approximately $1,536.81." *Ramsey v. Colvin*, No. CIV.A. 12-00383-N, 2014 WL 806419, at *2 n.5 (S.D. Ala. Feb. 28, 2014).

By all accounts, Brock appears to have obtained excellent results for his client through his efforts, and a review of the docket for this action does not indicate that Brock has been responsible for any delay. For instance, his social security brief was timely filed, he never requested a deadline extension, and he consented to the undersigned's jurisdiction, thus allowing the undersigned to order remand rather than having to issue a recommendation to the district judge. Having considered the guidance set forth in *Gisbrecht*, the undersigned finds that it is reasonable for Brock to receive his full 25% contingency fee for his representation of the Plaintiff.

### c.   *Refund*

As both Brock and the Commissioner correctly note, "an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller

fee to his client…" *Jackson*, 601 F.3d at 1274. "Although a refund paid by the claimant's attorney directly to the claimant would comply with the EAJA Savings Provision,…a refund is[ not] the only way to comply…[T]he attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request…" *Id.* at 1274.

Brock's petition, however, is unclear as to which method he has chosen, as the petition states: "After the undersigned counsel refunds the $2,062.50 EAJA fee, the net attorney fee paid out of past due benefits will be $13,357.25 which is 25 percent of past-due Title II benefits." (Doc. 28-1 at 4). While the first clause indicates that Brock will issue a refund of his earlier EAJA award directly to the Plaintiff, the second clause changes course and appears instead to indicate that Brock wishes to instead simply have the earlier EAJA fee deducted from the present fee award (thus reducing the amount recovered from the Plaintiff's past-due benefits).

Upon consideration, the Court finds that the most efficient course would be to simply reduce Brock's present § 406(b) fee award by the previous EAJA award (i.e. $9,419.75 - $2,062.50 = $7,357.25), as this course would increase the amount of past-due benefits the Plaintiff will be able to pocket directly[9] and would eliminate any need for a Court-monitored refund procedure.[10]

---

[9] *Cf. Jackson*, 601 F.3d at 1273 (In its discussion of EAJA fees, the Supreme Court[ in *Gisbrecht*] recognized that in many cases, the EAJA effectively increases the portion of past-due benefits the successful Social Security claimant may pocket. That is precisely what Mr. Culbertson sought to do here. By deducting the amount of the EAJA award from his § 406(b) fee request, he reduced the amount that Mr. Jackson would otherwise be required to

### *III.    Conclusion*

Accordingly, it is **ORDERED** that Brock's petition for attorney's fees under 42 U.S.C. § 406(b) (Doc. 28) is **GRANTED** such that Brock is awarded attorney's fees under § 406(b) in the sum of **$7,357.25**.

**DONE** and **ORDERED** this the 29th day of January 2015.

                                     */s/ Katherine P. Nelson*
                                     **KATHERINE P. NELSON**
                                     **UNITED STATES MAGISTRATE JUDGE**

---

pay in § 406(b) fees, thereby increasing the portion of past-due benefits payable directly to Mr. Jackson. (internal citation and quotation omitted)).

[10] *But see Jackson*, 601 F.3d at 1272 ("The obligation to make the refund is imposed on the attorney. There is no language in the Savings Provision that requires courts to take any action with respect to the refund. In particular, nothing in the Savings Provision commands courts to order a specific refund procedure if the claimant's attorney has already taken other steps to effectuate the refund.").